ROBERTS, J.,
for the Court:
¶ 1. This appeal stems from a breach-of-contract suit filed by Dustin and Roslyn Gifford (Giffords) against Vinh Nguyen on February 19, 2008, in the Lee County Chancery Court. Subsequently, a default judgment was entered against Nguyen. After filing an unsuccessful motion to set aside the default judgment, Nguyen executed the current appeal.
FACTS AND PROCEDURAL HISTORY
¶ 2. The Giffords and Nguyen entered into a contract for Nguyen to purchase a piece of real estate from the Giffords. After one failed contract, the parties entered into a subsequent contract for the pur *1183 chase of the same piece of real estate. The second contract failed due to Nguyen’s refusal to purchase the real estate. The breaches of these contracts are the subjects of the current appeal.
¶ 3. The Giffords first filed suit against Nguyen on February 19, 2008, claiming breach of contract. Nguyen was personally served with process on February 21, 2008. He failed to file an answer or enter an appearance in the matter; therefore, the Giffords filed an application for entry of default on March 26, 2008. The chancery clerk entered a default against Nguyen the following day. Then, on April 17, 2008, the Giffords filed a motion for a default judgment in the chancery court, and a default judgment was granted on May 20, 2008. In the default judgment, the chancery court found that Nguyen entered into a contract with the Giffords to purchase the real estate, but Nguyen failed to perform under the contract. The chancery court further found that the Gif-fords were entitled to specific performance of the contract, or the Giffords were entitled to $375,000 plus $2,000 in earnest money tendered if Nguyen failed to specifically perform the contract within thirty days. The Giffords were entitled also to $16,965.44 in interest and attorney’s fees. The amount of the judgment was subject to reduction if the Giffords sold the real estate.
¶ 4. Nguyen filed a motion to set aside the default judgment on September 22, 2008. Following a hearing held on October 19, 2010, the chancery court denied Nguyen’s motion to set aside the default judgment. The chancery court also reduced the amount Nguyen owed on the contract by $275,000 due to the subsequent sale of the real estate.
¶ 5. Aggrieved by the chancery court’s denial of his motion to set aside the default judgment, Nguyen executed the current appeal and raises four issues:
I. Whether unrepresented [Nguyen’s] contacting [the Giffords’] counsel and advising him [that] the claim was disputed constituted an appearance for purposes of triggering the three[-]day notice of intent to take a default judgment requirement[.]
II. [W]hether ... there was valid service of process reflected in the record.
III. [W]hether ... a lawsuit was proper due to an arbitration agreement. ...
IV. [W]hether ... [default] judgment [was] appropriate as to Roslyn since she never signed the subject contract.
ANALYSIS
¶ 6. While Nguyen raises these four issues in his appeal, his brief is absolutely devoid of citations to any authority on any issue submitted. Mississippi Rule of Appellate Procedure 28(a)(6) (emphasis added) provides: “The argument [in the appellant’s brief] shall contain the contentions of the appellant with respect to the issues presented, and the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied on.”
¶ 7. “Failure to cite authority in support of claims of error precludes this Court from considering the specific claim on appeal.” Pickering v. Industria Masina I Traktora, 740 So.2d 836, 848 (Miss.1999) (citing R.C. Petroleum, Inc. v. Hernandez, 555 So.2d 1017, 1023 (Miss.1990)). Because Nguyen has failed to provide this Court with any authority to support his contentions, we find that the issues are procedurally barred from our review, and we decline to address the issues raised.
*1184 ¶ 8. THE JUDGMENT OF THE LEE COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ„ CONCUR. IRVING, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.